```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LEV TSITRIN,                                                :
                                                            :    OPINION AND ORDER
                              Plaintiff,                    :
                                                            :    13 Civ. 5900 (LGS)
       -against-                                            :
                                                            :
U.S. DEPARTMENT OF JUSTICE,                                 :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/13

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff brings this action *pro se*. The Court dismisses the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a frivolous complaint *sua sponte,* even when the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeals)). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). District courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, courts should read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

This action arises out of Plaintiff's prior cases in the federal courts.  In 2005, he and his company Overview Books, LLC ("Overview") sued the United States over the Cataloguing in Publication program ("CIP") managed by the Library of Congress (the "Library").  *Overview Books, LLC v. United States*, 72 Fed. Cl. 37 (Ct. Cl. 2006).  The Library had refused to include in CIP a book published by Overview and authored by Plaintiff because the book's publication did not meet the CIP's requirements.  *Id.*  Plaintiff alleged that those requirements violated his First and Fifth Amendment rights, but the Court of Federal Claims dismissed the complaint for failure to state a claim.  *Id.* at 41-42, 46.  That decision was affirmed on appeal.  *Overview Books, LLC v. United States*, 232 Fed. App'x 989 (Fed. Cir. 2007), *reh'g denied*, No. 06-5138 (Fed. Cir. Oct. 22, 2007), *cert. denied*, 552 U.S. 1259 (2008).

Plaintiff sued again, this time in the Eastern District of New York, seeking redress for the Library's refusal to include his work in the CIP.  *Overview Books, LLC v. United States*, 755 F. Supp. 2d 409 (E.D.N.Y. 2010).  District Judge Vitaliano dismissed those claims on issue and claim preclusion grounds.  *Id.* at 420-21.  That decision, too, was affirmed.  *Overview Books, LLC v. United States*, 438 Fed. App'x 31 (2d Cir. 2011).

Plaintiff then filed a complaint in New York state court against the judges who adjudicated his 2010 suit, alleging that Judge Vitaliano "fraudulently" dismissed his claims and that the appellate court judges compounded the harm by affirming the district court decision.  *Tsitrin v. Jacobs*, No. 111771/2011 (N.Y. Sup. Ct. Oct. 17, 2011).  After removal to this Court, substitution of the United States as the defendant and construction of Plaintiff's claims as arising under the Federal Tort Claims Act ("FTCA"), the Court dismissed the action on the ground of

sovereign immunity.  *Tsitrin v. Jacobs*, No. 12 Civ. 1411, 2012 WL 1267982, at *3 (S.D.N.Y. Apr. 10, 2012).

In 2011, Plaintiff sued Federal Claims Judge Charles Lettow, who had dismissed Plaintiff's 2005 case.  After removal from the Superior Court for the District of Columbia, the United States District Court for the District of Columbia dismissed the action on the grounds of judicial immunity and for failure to exhaust any FTCA claims.  *Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 93 (D.D.C. 2012), *aff'd*, No. 12-5317, 2013 WL 1733756 (D.C. Cir. Apr. 2, 2013).

In this case, Plaintiff recounts his litigation history and alleges that all of the judges in his prior cases "us[ed] fraudulent procedure when substituting parties' actual argument with their own fantasies . . . ."  He asserts that the judges could not have been "protected from prosecution by federal and judicial immunity accorded to judicial actions" because the judges' "substitution of parties' argument with judges' own fantasies . . . turned judges into parties to the case" and they therefore could not have acted in their judicial capacities.  Plaintiff also argues that the judges' acts:

> contradicted court's own definition of judicial process as expressed in the form of publicly-displayed artifacts commissioned to explain to the public the legitimate judicial process, which consists of impartial evaluation of parties' argument, *not* of substitution of such argument with judges' own fantasies prior to evaluation . . . .

Plaintiff also asserts that the judges' acts "contradicted the definition of proper judging agreed-on conjointly by all branches of US government – executive, legislative and judiciary – rather than by judiciary alone . . . ."

Plaintiff alleges that in his prior cases, lawyers for the defendant United States Department of Justice argued that "judges are entitled to acting [sic] 'corruptly or maliciously'" and the judges held that "substitution of argument prior to making a decision is 'a classic

3

exercise of the judicial function ' . . . ." Therefore, he argues, "Defendant's depictions of due process of the law as an impartial weighing of parties' argument constitutes blatant deception . . . ," and such "deception . . . caused Plaintiff to suffer acute psychological and emotional traumas for over eight years, repeated every time the actual procedure turned out to be the exact opposite of that pictured in the images of judicial process deceptively introduced by Defendant."

The relief that Plaintiff seeks from this lawsuit is the following:

> [T]hat this court orders removal of all artifacts depicting due process of the law as impartial weighing of parties' argument from all federal courthouses, and replacing them with written statements reflecting the actual due process of the law as sanctioned by the judiciary (such as: "Judges have the right to be corrupt or malicious;" "Judges have the right to substitute parties' argument with judges' own imaginings;" "Judges have the right to substitute parties' argument with its exact opposite;" "Judges can act as parties to the case they are adjudicating") . . . .

He alleges that monetary compensation "can only be awarded by the Court of Federal Claims (which has no jurisdiction over constitutional questions)" and, therefore, upon "completion of the case in the present court . . . Plaintiff will request monetary damages in a subsequent lawsuit in the Court of Federal Claims."

## DISCUSSION

The Complaint – which does not state a claim for relief, but rather rehashes Plaintiff's numerous perceived injustices from his extensive prior litigation – must be dismissed as frivolous. Plaintiff has sufficient experience from his prior lawsuits to know that his past claims are not meritorious under applicable law, and that the court could not and would not provide the relief that he seeks: the "removal of all artifacts depicting due process of the law as impartial weighing of parties' argument from all federal courthouses, and replacing them with written statements" that judges may be corrupt or malicious. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances in which frequent *pro se* litigant may be charged with

knowledge of particular legal requirements). Because the Complaint is "clearly baseless," the Court dismisses this action as frivolous. Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order pursuant to 28 U.S.C. § 1651(a) barring Plaintiff from filing new actions without prior permission.

## CONCLUSION

The Complaint is dismissed as frivolous.

The Court's September 12, 2013, order scheduling an initial pretrial conference for December 11, 2013, is hereby vacated.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2013
          New York, New York